Good morning, Your Honors, and may it please the Court. David Joseph Sutton on behalf of Matthew Frazer, the appellant. Your Honors, I'd like to reserve one minute for rebuttal. The oral pronouncement of sentence in this case was clear, it was specific, and unambiguous. Well, let me stop you right there, because why wouldn't we say that the oral pronouncement itself was ambiguous because the initial statement was of a term of years, a term of months rather that is more than what you're now advocating for. There was ambiguity, obviously, introduced by the allocation of that number of months across the counts, but why wouldn't we say that there's just ambiguity even in the oral pronouncement? Right. The specific use of the legal term, the legal term of art, concurrent and concurrently, uttered twice. Initially, the district judge indicated that the two counts were to run concurrent, only partially concurrent, and then decided no, I'm sorry, as to both counts to be served concurrently. Now, Counselor, wouldn't anybody who left that courtroom think, oops, did she mean that? No, Your Honor, not Mr. Frazer. I sure did when I read that record, so give me your best argument. Why isn't that ambiguous? Again, the specific use of the term concurrently. And why are we looking at just one term as opposed to everything the judge said, including taking the bench? When she took the bench, she said, I don't like this deal. Right. And I'm inclined to go, I think it's not enough. Right. And made very clear, I thought, that she was very inclined to go with the high end of the range. Well, initially, the court had indicated that it was going to completely reject the 11C1C plea agreement. Right. That's right. Heard argument, and then moved to accepting the plea agreement. Right. So how do we divorce the context from the one phrase you want us to look to? That's really my question. Again, well, I would point the court to Title 18, United States Code, Section 3584A. Specifically, multiple counts of conviction are presumed to run concurrently unless the court on its own elects to have it partially run concurrent, run wholly consecutive, or affirm that presumption and run concurrent. And here the court used that specific legal term of art, which has meaning, which has meaning to a criminal defendant, to indicate that that But I hear you, but I'm just, I was struck by your statement at the outset that this is the sentence, the oral pronouncement was clear and unambiguous, because I don't see how you can say that when there's an obvious conflict between the first line and the second line where the court stated concurrently. Right. So if the court moves then to the second written judgment, I believe that's at the excerpts of Record 64. Again, the court not only states a concurrent sentence, but says a concurrent, or indicates a concurrent sentence in bold typeface. Okay, so our case law establishes that if the oral pronouncement is ambiguous, we go to the written, but the written, all of them, we're entered too late, right? Well, the second written conforms with the oral pronouncement. But my question has to, if you would please, just goes to timeliness. Timeliness, I would argue, as to the third written judgment, which increases. The only time in the record ever that the term consecutive was used was in the third written judgment, which is 19 days. Is it your position that the, just to be clear, is it your position that the district court judge entered a written judgment within the time period allowed by the rule? Rule 30, or rule? 35. 35. As to the third, no, because it does not conform. But the second or the first? The second conforms to the oral written, or excuse me, oral pronouncement. I'm talking about timeliness. No, it does not, Your Honor. But it does support, and it is evidence supporting, a wholly concurrent sentence. Okay. I keep interrupting Judge Soto. He's trying to ask a question. I kind of wanted to go back to the, her oral, the judge's oral pronouncement. Didn't she, first of all, as pointed out earlier, she clearly said she was not comfortable with the plea agreement. She, apparently, after there was the discussion about the victim, and she's reluctantly indicated she was going to accept it, but didn't she state that she was going to impose a sentence of 276 months? Right. And the breakdown of the sentence is where the actual sentences are served on both counts. Count 1, 240 months. Count 2, 36 months to be served. Initially, a portion was only going to be concurrently. So your argument is 240-month sentence, I believe, on count 1, and the 36-month sentence on count 2, concurrent, is essentially a 276-month sentence? Well, the actual time served would be 240 months. Right. But that's what I'm saying. That's my point. She said, I intend to impose a sentence of 276 months, didn't she? So how do you square that with the subsequent part of her oral pronouncement? This circuit's case, cases where words, actual legal terms of art, excuse me, have meaning, concurrent and concurrently has meaning. It's memorialized in a section of the code. And the case law, Munoz, De La Rosa, Garcia, recognize that district courts are human and sometimes error. But when there is a pronouncement of sentence, using that legal term of art, when it's clear, concurrently, that sentence must stand true. Especially in a situation where Mr. Fraser leaves the courtroom and believes that he's going to serve a 240-month concurrent sentence. Why would he believe that when he was told over and over again that the That's why I just don't get your position on that front. There's ambiguity. I'll grant you that. But I don't see how you could say that it's just crystal clear that everybody who walked out of the courtroom that day thought he had been sentenced to 240 months. Well, Your Honor, respectfully, the court's questions divorce this term and somewhat avoid this term, concurrently. How is that squared? I think you do. The term has meaning, no question. It's a term of art. It's an important term of art. That's, I think, the inherent problem that we're all grappling with. But isn't your argument the one that divorces that term and wants us to look at it in isolation? Well, Your Honor, my argument is that concurrently is crystal clear. And it's interesting because the government's briefing and argument never really addresses how that term, specifically, concurrent and concurrently, is ambiguous or how that term is unclear. That term is used repeatedly. Again, bold typeface. I mean, that's adding even more emphasis to that legal term of art here, specifically how the sentences are to be served. And the increase in sentence in the third written judgment, that is the first time in the record that, again, the legal term of art consecutive is ever used. And the only way the... Your stronger argument that there's ambiguity in the oral pronouncement and that the written can't control because they're answered too late and we should send it back because we don't have a lawful sentence. Respectfully, no, Your Honor. I believe that the second written judgment supports a concurrent sentence. All right. And in that situation, we would be on similar footing as Garcia, where the district court cited to one portion of the parole sentence or parole term and then cited to another portion of the parole term during the oral pronouncement of sentence. Then the written judgment comes out and says or cites to the lower term of parole. I believe it's under 4205B. In that case... I'm sorry, Your Honor. Go ahead. Go ahead. No, in that case, this court stated that the citing to that statute cleared up the record and was crystal clear and we could not go back. And under a Rule 35 motion brought by the government in that case, where that district court judge came out and said, I'm sorry, you know, my intent was always to sentence Mr. Garcia to a term of parole where he would be eligible for parole in 26 years rather than 10 years. That was my intent. And this court said, you know, the court's intent is neither here nor there, basically, where there's a crystal clear statement, such as concurrently, such as citing to the statute, 4205B. I think Judge Soto has a question. So if I understand your argument, then the third judgment that the judge signed, which I guess would be the second amended judgment, is of no effect at all? Yes, Your Honor. That judgment was issued. It increases the sentence. So the court was without jurisdiction to issue it. Refresh my memory. I know there was a gap in time between the oral pronouncement and when the judge signed the various sentences. Weren't they all signed either on the same day or within a day of each other? Or am I mistaken? Eighteen days for the first judgment and commitment order and the second judgment and commitment order. On the 19th day, the third judgment, the final judgment and commitment order was issued. When was that issued? Nineteen days after sentencing. Same day as the first amended judgment, the second judgment, correct? One day after, Your Honor. Okay. Very briefly, to address the court's question, the court was without jurisdiction to issue that judgment. Under Rule 35, even where a party makes a motion under Rule 35 to correct the judgment within 14 days, but the court rules on the Rule 35 motion outside of that 14 days. But you want to save a minute because you're under a minute.  Thank you, Your Honor. You bet. Good morning, Your Honors. May it please the court, Jerry Yang on behalf of the United States. Defense raises two separate arguments here and I'll address them both in terms. Neither of the arguments have merit. As to the first argument regarding the amount of imprisonment, this argument of 240 months versus 276 months, as a threshold matter, I would argue that defendant is barred by a valid appellate waiver. Specifically, defendant entered... I guess, I'm sorry to just jump in, but the reason I don't think that argument gets you anywhere is that we have a problem when we look at just the oral pronouncement and just trying to figure out what was the sentence actually imposed. Somebody has to figure out, is it 276 or 240? So it's not even a matter of his trying to challenge something on appeal that's barred by the waiver. We just need to figure out what was the sentence, right? As a matter of just the most basic threshold issue, we just need to figure out what was the sentence the judge actually imposed in the oral pronouncement. Don't we at least have to start there? I think that's a fair point, Your Honor. But I would note that the third judgment, the second amended judgment and commitment order, does expressly state that it's a sentence of 240 months on count one and 36 months on count two consecutive. Well, you have to get there first. Was the oral pronouncement ambiguous? My first argument would be that it isn't ambiguous given the totality of the record. So what if we're not persuaded by that, given the totality of the record? Then it would be ambiguous, Your Honor. Right, and so I'm just going to ask you for purposes of argument. If you could assume that part, please. Then what's your position vis-a-vis these written amended judgments? Certainly, Your Honor. The general rule is that the oral pronouncement governs when it's unambiguous. When it's ambiguous, as we're going to assume here, then this Court is free to look at the written judgments in order to clarify. What if they're not entered in time? Don't we have case law saying that that 15-day limit in Rule 35 is jurisdictional? There is, Your Honor. Right, and we're just a three-judge panel. So it would be one thing if we want to take that in bonk and talk about what jurisdictional really means because, of course, there's a whole lot of case law about how that term has been overused in recent years. But we're a three-judge panel, and we have that binding authority, right? Certainly. So if it's jurisdictional, is it your position that one of those written orders was timely? The... I believe the first... No, none of them were. I mean, they're all out of time. But I thought our case law was clear that when the oral pronouncement is ambiguous, then we look to the entire record to try to figure out what was the judge's intent, right? Certainly, Your Honor. And if let me back up one moment. I think there may be some confusion. I don't think there's a requirement, as far as I understand, that a district court must issue a judgment and commitment order within 14 days. The 14-day limit is basically... Correction. This is a correction, right? So if we... That's why it matters. If the first oral pronouncement was ambiguous, then we have to look to a written judgment, right? And that will control if we've got one that we've got confidence in. That's our case law. Correct. And it seems to me there's some tension right there in that intermediate part of the sandwich because, in this case, none of them were entered timely. So there is that as to whether or not... And we have case law saying that's jurisdictional. Her ability to correct is jurisdictional under our current case law. But if you get over that hurdle, then you've got three written judgments, right? Correct. Okay, and which one do you think we should choose? I would argue that the third judgment comports with the oral pronouncement, but given the potential jurisdictional issues, I would say that the first judgment and commitment order would be effectively binding. And let me back up also, Your Honor. Just because the second judgment and the third judgment and even, frankly, the first judgment, they were entered after 14 days, that doesn't preclude the court from looking at those judgments in order to clarify the oral pronouncement. Why do we need to bother with the written judgments when the rule is that if the oral pronouncement is ambiguous, we look at the entire record? I don't think you can look at the entire record here up to the oral pronouncement of sentence and come away with any conclusion other than that the judge intended to impose 276. That's the end of the story. We don't need to look at the written judgments. Your Honor articulated it much better than I can, but that would be... Pretty tough to overlook them. It's a district court judge, and I think that we're probably getting to the same place. But it's pretty tough to overlook them because the district court judge, if she had an ambiguous initial pronouncement, she saw fit to three times try to correct it in writing. So one avenue would be to send this back and ask the judge to re-enter a valid sentence since all three of those written judgments were untimely. Would you like to respond to that? First, Your Honor, I think... And I think this was maybe what Your Honor was getting at, but the fact that the district court went ahead and attempted three times to modify the judgment, or twice, I guess, to modify it with the original judgment, that in and of itself is proof that there was a problem with the... There was some ambiguity with the oral pronouncement. I think that's what we're all trying to tell you, yes. Yes, and I think that's a fair position. Okay, and so then what? If the court is inclined to remand the matter back, I would request that the court remand it back basically for the district court to issue a valid judgment essentially identical to the Second Amendment, the third judgment that was issued, because that is the oral pronouncement of the district court. In other words, there's really no ambiguity, per se, as to what the sentence was supposed to have been. It's just the... I suppose the jurisdictional problem of correcting those judgments divested the district court of its opportunity to enter a valid judgment. Judge Sotomayor? Yeah, can't an argument be made that the oral pronouncement is not ambiguous, that she clearly said she intended to impose a sentence of 276 months. She imposed 240 months, I believe, on Count 1, 36 months on Count 2, and then she ordered, at least during the oral pronouncement, that they run concurrent. Can't you argue that that is a 276-month sentence, although 36 months of it is being served at the same time? Is that a valid argument? She imposed 240 and 36. She ran them concurrent. But can't you argue that that's a 276-month sentence? For... I think the problem is the word concurrent. I think we... I think looking at the record, there's very little doubt, not a very compelling argument can be made, that the judge intended to sentence the defendant to 240 months. I think the intent all along was 276 months. In fact, the judge took a... Came out... It was an 11-1c-1c agreement. Came out and basically expressed deep concern that that was not sufficient. And the parties, including the government, had to argue the court to talk the court, the district court, into a 276-month sentence. And then the court took a recess, took a recess, considered it, and then came back and said that it would abide by the party's recommendation and do a 276-month sentence. And then, in fact, during the oral pronouncement, the few lines that we're all focused on right now, the judge even said, I've sentenced the defendant to 276 months. And it's the breakdown that basically, and the government characterized it, and I think it's correct. I don't think it's a stretch to say that it was basically a verbal, typographical error at that point. But anybody can misspeak. And if we're left with the impression, reading all of the context that we've all been talking about, that it was just a misstatement and the lawyers didn't catch it either, didn't say, oops, Your Honor, is that what you meant? Right? Nobody's, unfortunately, nobody paused. No, correct. Okay, so if that makes the oral pronouncement ambiguous, then what's the government's position about what we do? Do we look at the whole record and say, look, we know what she meant? Or do we say, oops, we've got this problem with the written judgments being three of them being out of time, we should send it back? Which is the government's position? The government's first position would be the first proposal by the court, which is that the oral pronouncement is clear. The judge intended for 276 months. In fact, I would argue to this court, I would submit to this court, that the defendant probably walked out of there relieved that the judge sentenced him to 276 months. Okay, here's the problem with your approach, and it's kind of beyond our fact pattern, but the problem with your approach, if that were the rule, if we're going to say it's ambiguous, then it seems to me the clock starts running on a defendant's ability to file an appeal. So what I'm worried about is the next case down the line where there really is ambiguity and a defendant walks out really thinking that the sentence was one thing, and in fact, it's something else, and makes a decision about whether to appeal without getting that clarified. So it just seems to me that it's kind of thin ice we get on. If we're willing to say it's ambiguous, it seems to be a much safer course to have the judge tell us what she meant. Your Honor, my understanding is that the clock starts running on the issuance of the written J&C. Yes, but we've got three of those that were late, right? We've got three of those that were late. Correct, but then the defendant's time would essentially be told while these are being issued, so there wouldn't be prejudice because they would have caught it. And that's the other argument I would make, too, is that the defense could have raised this before the district court. Well, or the government could have stood up and said, hey, is that what you meant? It didn't happen. But even after the third judgment and commitment order was issued, the defendant could have raised this exact argument that they're making today. And asked the judge to do what? To clarify on the record. But she didn't have any jurisdiction anymore, not under our case law, right? That's why it's a little bit between a rock and a hard place, it seems to me. We've got that case law out there about jurisdiction. Anyway, if there's nothing further, I think you're out of time. Judge Watford, anything further? Nope. Thank you so much for your argument, counsel. I appreciate it. We all do. You were trying to save a minute, but we gave you too many questions. So could you please put a minute on the clock? Thank you, Your Honor. I appreciate that. Without conceding ambiguity, if this court does find that there is ambiguity in the record, I think the proper approach would be to remand for an entirely new sentencing hearing rather than just filling out a new judgment and commitment order and order clarifying the judge's intent. I believe that's based on Rule 43 where a defendant has a right and also the Sixth Amendment, a right to have defense counsel raise argument and be present at all critical stages of a criminal proceeding, specifically sentencing. Most importantly, in this case, sentencing. So if that is the court's intent, I believe a remand for a full sentencing hearing regarding the actual breakdown of the sentence would be required before the district court where parties are present and able to argue. I have six seconds left. Unless there's any additional questions, I would submit, Your Honor. Nope, I don't think so. Thank you very much. Thank you both. We'll go on to the next case
judges: Christen, Watford, Soto